**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

V. CAUSE NO. 3 :24-CR-00152-SA-RP

YOHANNES TEKIE GEBREZGHI

## <u>MOTION TO SUPPRESS EVIDENCE</u>

COMES NOW, YOHANNES TEKIE GEBREZGHI, by and through the undersigned counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and hereby respectfully moves this Court to suppress all evidence obtained as a result of the unlawful traffic stop and subsequent search of Defendant's vehicle on September 26, 2023. This motion is based on the Fourth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 12(b)(3)(C). U.S. Const. Amend. 4, F.R.C.P. Rule 12.

## STATEMENT OF FACTS

On or about September 26, 2023, Defendant was driving an SUV on a highway in the Northern District of Mississippi, accompanied by his girlfriend. Two highway patrolmen stopped Defendant's vehicle, allegedly for crossing over the white line on the highway. This was the sole basis for the traffic stop.

Upon being stopped, Defendant admitted to the officers that there was a small amount of marijuana in the vehicle, which he voluntarily surrendered. Defendant gave consent to search the vehicle. The officers conducted a search of the vehicle and found no guns or other drugs. The officers then continued searching and eventually found multiple firearms inside the paneling of the vehicle, which required the officers to remove the paneling to access. Based on the firearms discovered during

this search, Defendant has been indicted on the following charges: violation of 18 U.S.C. §§ 922(a)(1)(A), 922(g)(1), 924(a)(8), 924(n), 933(a)(2), and 933(b).

## ARGUMENT

I. The Initial Traffic Stop Was Unconstitutional

The Fourth Amendment protects citizens from unreasonable searches and seizures. U.S. Const. amend. IV. A traffic stop constitutes a "seizure" under the Fourth Amendment when a vehicle is stopped and its occupants are detained. See *United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993). Such stops are analyzed under the framework established in *Terry v. Ohio*, 392 U.S. 1 (1968), which requires courts to determine: (1) whether the stop was justified at its inception, and (2) whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the interference in the first place. *Id.*; *United States v. Smith*, 952 F.3d 642, 646 (5th Cir. 2020); *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003).

In this case, the Government's sole basis for the traffic stop was that Defendant allegedly "crossed over the white line." Such a de minimis and momentary deviation, if it occurred at all, does not establish reasonable suspicion of a traffic violation. The Fifth Circuit has repeatedly emphasized that reasonable suspicion must be based on specific, articulable facts suggesting a violation of law, not on a mere hunch or technical imperfection. *Shabazz*, 993 F.2d at 434; *Grant*, 349 F.3d at 196; *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

Here, the purported lane departure was neither dangerous nor sustained, and there is no evidence that Defendant's vehicle was being operated in an unsafe manner. Consequently, the officers lacked an objectively reasonable basis to initiate a traffic stop. See *Smith*, 952 F.3d at 648 (holding that the validity of a traffic stop turns on whether a reasonable officer could believe a violation occurred). The stop therefore constituted an unlawful seizure under the Fourth Amendment, and all evidence derived

from it must be suppressed as fruit of the poisonous tree. See *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963).

II. The Search Exceeded the Scope of Consent

Even if the initial stop were deemed lawful, suppression remains warranted because the officers' search exceeded the scope of Defendant's consent. When an individual voluntarily consents to a search, the permissible scope of that search is limited to what a reasonable person would have understood from the exchange with law enforcement. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991).

Defendant cooperated and consented to a search of his vehicle. However, that consent did not authorize the officers to dismantle the vehicle's interior. Courts within the Fifth Circuit have made clear that destructive or highly intrusive searches generally fall outside the scope of ordinary consent. See *United States v. Strickland*, 902 F.2d 937, 941 (11th Cir. 1990) (removal of door panel exceeded scope of consent); cf. *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 669 (5th Cir. 2003) (reasonableness depends on the expressed object of the search).

After failing to locate additional contraband during their initial inspection, the officers removed interior paneling to access hidden compartments, ultimately discovering firearms. This was not a mere "search" but a dismantling of the vehicle—an action that would ordinarily require a warrant or, at minimum, separate probable cause. See *United States v. Ibarra*, 948 F.2d 903, 906–07 (5th Cir. 1991). Because no such probable cause existed, the continued search was unconstitutional.

III. The Evidence Must Be Suppressed

The Fourth Amendment's exclusionary rule prohibits the use of evidence obtained through unconstitutional searches or seizures. *Wong Sun*, 371 U.S. at 484–85. Here, both the initial seizure

and the subsequent search violated Defendant's Fourth Amendment rights. The firearms discovered within the dismantled paneling were obtained only as a direct result of that unlawful conduct.

Accordingly, all evidence seized following the unlawful traffic stop and subsequent overbroad search must be suppressed. See *Lopez-Moreno*, 420 F.3d at 430 (suppressing evidence obtained following unreasonable prolongation of a traffic stop); *Smith*, 952 F.3d at 648 (reaffirming two-prong *Terry* analysis in traffic stop context).

## CONCLUSION

For the foregoing reasons, the evidence obtained from the search of Defendant's vehicle should be suppressed. The initial traffic stop lacked reasonable suspicion, and even if the stop was lawful, the subsequent search exceeded the scope of Defendant's consent. The firearms discovered during this unlawful search constitute the sole evidence supporting the charges against Defendant. Without this evidence, the government cannot sustain its burden of proof.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this Motion to Suppress and exclude all evidence obtained as a result of the unlawful search and seizure, and for such other and further relief as this Court deems just and proper.

This the 16th day of October, 2026.

Respectfully submitted,
s/ Mark Coleman McClinton
Mark Coleman McClinton
MSB No. 105109
Russell & McClinton, P.A.
100 E. Main Street, Suite D
New Albany, MS 38652
Mcclintonlaw@gmail.com
(662) 534-6333
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Mark Coleman McClinton, attorney for Defendant Yohannes Tekie Gebregzhi, hereby certify that I have this day filed the foregoing Motion to Suppress Evidence with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have entered an appearance in this matter.

This the 16th day of October, 2026.

Respectfully submitted,
s/ Mark Coleman McClinton
Mark Coleman McClinton
MSB No. 105109
Russell & McClinton, P.A.
100 E. Main Street, Suite D
New Albany, MS 38652
Mcclintonlaw@gmail.com
(662) 534-6333
Attorney for Defendant